IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
IN OPEN COURT

APR 29 2021

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA

v.

LORI ANN TALENS,

Defendant.

No. 2:21-cr-39

PLEA AGREEMENT

Raj Parekh, Acting United States Attorney for the Eastern District of Virginia; undersigned counsel for the United States; the defendant, LORI ANN TALENS; and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of this Plea Agreement are as follows:

1. **Offense and Maximum Penalties**

The defendant agrees to waive indictment and plead guilty to Counts One, Two, and Three of the Criminal Information. Count One charges the defendant with mail fraud, in violation of 18 U.S.C. § 1341. The maximum penalties for this offense are: a maximum term of 20 years of imprisonment, a fine of $250,000, full restitution as outlined below, forfeiture of assets as outlined below, a special assessment pursuant to 18 U.S.C. § 3013, and a maximum supervised release term of 3 years. Count Two charges the defendant with wire fraud, in violation of 18 U.S.C. § 1343. The maximum penalties for this offense are: a maximum term of 20 years of imprisonment, a fine of $250,000, full restitution as outlined below, forfeiture of assets as outlined below, a special assessment pursuant to 18 U.S.C. § 3013, and a maximum supervised release term of 3 years. Count Three charges the defendant with health care fraud, in violation of 18 U.S.C. § 1347. The maximum penalties for this offense are: a maximum term of

10 years of imprisonment, a fine of $250,000, full restitution as outlined below, forfeiture of assets as outlined below, a special assessment pursuant to 18 U.S.C. § 3013, and a maximum supervised release term of 3 years. The defendant understands that any supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

2. **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offenses. The defendant admits the facts set forth in the Statement of Facts filed with this Plea Agreement and agrees that those facts establish guilt of the offenses charged beyond a reasonable doubt. The Statement of Facts, which is hereby incorporated into this Plea Agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(c) of the Sentencing Guidelines.

3. **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this Plea Agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

    a.    the right to plead not guilty and to persist in that plea;

    b.    the right to a jury trial;

    c.    the right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial and at every other stage of the proceedings; and

    d.    the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

4. **Sentencing Guidelines, Recommendations, and Roles**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above, but that the Court will determine the defendant's actual sentence in accordance with 18 U.S.C. § 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

The United States and defendant have not agreed on any further sentencing issues, whether related to the Sentencing Guidelines or the factors listed in 18 U.S.C. § 3553(a), other than those set forth above or elsewhere in this Plea Agreement. Accordingly, any such determinations will be made by the Court at sentencing.

5. **Waiver of Appeal, FOIA, and Privacy Act Rights**

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any

3

ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this Plea Agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

6. **Immunity from Further Prosecution in This District**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the Information or Statement of Facts. This Plea Agreement and Statement of Facts does not confer on the defendant any immunity from prosecution by any state government in the United States.

7. **Defendant's Cooperation**

The defendant agrees to cooperate fully and truthfully with the United States, and provide all information known to the defendant regarding any criminal activity as requested by the government. In that regard:

    a. The defendant agrees to testify truthfully and completely at any grand juries, trials or other proceedings.

    b. The defendant agrees to be reasonably available for debriefing and pre-trial conferences as the United States may require.

    c. The defendant agrees to provide all documents, records, writings, or materials of any kind in the defendant's possession or under the defendant's care, custody, or control relating directly or indirectly to all areas of inquiry and investigation.

    d. The defendant agrees that, at the request of the United States, the defendant will voluntarily submit to polygraph examinations, and that the

4

     United States will choose the polygraph examiner and specify the procedures for the examinations.

 e. The defendant agrees that the Statement of Facts is limited to information to support the plea. The defendant will provide more detailed facts relating to this case during ensuing debriefings.

 f. The defendant is hereby on notice that the defendant may not violate any federal, state, or local criminal law while cooperating with the government, and that the government will, in its discretion, consider any such violation in evaluating whether to file a motion for a downward departure or reduction of sentence.

 g. Nothing in this agreement places any obligation on the government to seek the defendant's cooperation or assistance.

**8. Use of Information Provided by the Defendant Under This Agreement**

The United States will not use any truthful information provided pursuant to this agreement in any criminal prosecution against the defendant in the Eastern District of Virginia, except in any prosecution for a crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence (as defined in 18 U.S.C. § 16). Pursuant to U.S.S.G. § 1B1.8, no truthful information that the defendant provides under this agreement will be used in determining the applicable guideline range, except as provided in Section 1B1.8(b). Nothing in this agreement, however, restricts the Court's or Probation Officer's access to information and records in the possession of the United States. Furthermore, nothing in this agreement prevents the government in any way from prosecuting the defendant should the defendant knowingly provide false, untruthful, or perjurious information or testimony, or from using information provided by the defendant in furtherance of any forfeiture action, whether criminal or civil, administrative or judicial. The United States will bring this agreement and the full extent of the defendant's cooperation to the attention of other prosecuting offices if requested.

9.  **Prosecution in Other Jurisdictions**

The U.S. Attorney's Office for the Eastern District of Virginia will not contact any other state or federal prosecuting jurisdiction and voluntarily turn over truthful information that the defendant provides under this agreement to aid a prosecution of the defendant in that jurisdiction. Should any other prosecuting jurisdiction attempt to use truthful information the defendant provides pursuant to this agreement against the defendant, the U.S. Attorney's Office for the Eastern District of Virginia agrees, upon request, to contact that jurisdiction and ask that jurisdiction to abide by the immunity provisions of this agreement. The parties understand that the prosecuting jurisdiction retains the discretion over whether to use such information.

10. **Defendant Must Provide Full, Complete, and Truthful Cooperation**

This agreement is not conditioned upon charges being brought against any other individual. This agreement is not conditioned upon any outcome in any pending investigation. This agreement is not conditioned upon any result in any future prosecution that may occur because of the defendant's cooperation. This agreement is not conditioned upon any result in any future grand jury presentation or trial involving charges resulting from this investigation. This agreement is conditioned upon the defendant providing full, complete, and truthful cooperation.

11. **Motion for a Downward Departure**

The parties agree that the United States reserves the right to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statements, or any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, if, in its sole discretion, the United States determines that such a departure

6

or reduction of sentence is appropriate. In addition, the defendant understands that the Court—not the United States—will decide what, if any, reduction in sentence is appropriate.

Furthermore, the proceeding established by the Plea Agreement section titled Breach of the Plea Agreement and Remedies does not apply to the decision of the United States whether to file a motion based on "substantial assistance" as that phrase is used in Rule 35(b) of the Federal Rules of Criminal Procedure and Section 5K1.1 of the Sentencing Guidelines and Policy Statements. As noted above, the defendant agrees that the decision whether to file such a motion rests in the sole discretion of the United States. In addition, should the defendant violate the Plea Agreement, as defined in Breach of the Plea Agreement and Remedies, or should the defendant violate this Cooperation Agreement, the United States will be released from its obligations under either agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to the Plea Agreement.

12. **Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613 and 18 U.S.C. § 3572, all monetary penalties imposed by the Court, including restitution, will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Within 14 days of a request, the defendant agrees to provide all of the defendant's financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. Until all

monetary penalties are paid in full, the defendant will be referred to the Treasury Offset Program so that any federal payment or transfer of returned property to the defendant will be offset and applied to pay the defendant's unpaid monetary penalties. If the defendant is incarcerated, the defendant agrees to participate voluntarily in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. Defendant agrees to make good-faith efforts toward payment of all monetary penalties imposed by the Court.

13. **Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of $100 per felony count of conviction, pursuant to 18 U.S.C. § 3013(a)(2)(A).

14. **Restitution**

The defendant agrees that restitution is mandatory pursuant to 18 U.S.C. § 3663A(c)(1), and the defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses as determined by the Court. Pursuant to 18 U.S.C. § 3663A(c)(2), the defendant further agrees that an offense listed in Section 3663A(c)(1) gave rise to this Plea Agreement and, as such, victims of the conduct described in the charging instrument, Statement of Facts, or any related or similar conduct shall be entitled to restitution. Without limiting the amount of restitution that the Court must impose, the parties agree that, at a minimum, the following victims have suffered the losses identified below and are entitled to restitution:

| Victim Name and Address | Restitution Amount |
|---|---|
| See Appendix A | $31,817,997.05 |
| Medicaid | $38,554.89 |
| SNAP | $7,538.00 |
| Total: | $31,864,089.94 |

The defendant understands that forfeiture and restitution are separate and distinct financial obligations that must be imposed upon a criminal defendant. The defendant further understands that restitution will be enforced pursuant to 18 U.S.C. § 3572, 18 U.S.C. § 3613, and 18 U.S.C. § 3664(m).

15. **Forfeiture Agreement**

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. The defendant agrees to forfeit all interests in any fraud-related asset that the defendant owns or over which the defendant exercises control, directly or indirectly. This includes any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of the offense.

The assets subject to forfeiture include, but are not limited to, the following: (1) a monetary judgment in the amount of not less than $31,864,089.94, which shall be partially offset by the government's net at final forfeiture from the assets listed hereafter; (2) real property and improvements located at located at 3872 Larchwood Drive, Virginia Beach, Virginia 23456; (3) $2,958 in U.S. currency seized from the defendant; (4) $10,000 in U.S. currency seized from the defendant; (5) $2,600 in U.S. currency seized from the defendant; (6) $4,257.61 seized from Virginia Beach Schools FCU account ending in 4498; (7) $555.43 seized from Wells Fargo account ending in 8792; (8) $333 in U.S. currency seized from the defendant; (9) $1,375.06 seized from Wells Fargo account ending 9078; (10) $8 in U.S. currency seized from the defendant; (11) 11.65927802 in Bitcoin seized from the defendant; (12) 1.17725878 in Bitcoin Cash seized from the defendant; (13) 1.17725878 in Bitcoin SV seized from the defendant; (14) 3.36292231 in Ethereum seized from the defendant; (15) 17 Ethereum Classic seized from the defendant; (16) 14.34616005 Litecoin seized from the defendant; (17) $358.50 seized from

Square account C_6txnpfvm; (18) $348.46 seized from PayPal account ending 6716; (19) $11.79 seized from PayPal account ending 6117; (20) $1,445 seized from PayPal account ending 9484; (21) $492.09 seized from PayPal account ending 1186; and (22) 1.09420679 Bitcoin seized from the defendant.

The defendant further agrees to forfeit, abandon, and quitclaim all computers and associated equipment, mobile phones, cameras, and Xboxes seized from her residence. The defendant understands that the assets mentioned in the last sentence will not be sold by the government, but will instead be disposed of consistent with the policies of the seizing and/or holding agency.

The defendant understands that if the assets subject to forfeiture are not available to the United States to be forfeited, the Court must enter a forfeiture money judgment in the amount of the unavailable assets. *United States v. Blackman*, 746 F.3d 137 (4th Cir. 2014). The defendant acknowledges that as a result of defendant's acts or omissions, the actual proceeds the defendant obtained as a result of the offense ($31,864,089.94) are not available and the defendant stipulates that one or more of the factors listed at 21 U.S.C. § 853(p)(1) are present in this case.

The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant admits and agrees that the conduct described in the charging instrument and Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

16. **Waiver of Further Review of Forfeiture**

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct and substitute assets for property otherwise subject to forfeiture.

17. **The Defendant's Obligations Regarding Assets Subject to Forfeiture**

Upon request by the government, the defendant agrees to identify all assets in which the defendant had any interest or over which the defendant exercises or exercised control, directly or indirectly, within the past 5 years from the date of the defendant's signature on this Plea Agreement. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years. The defendant understands that the proceeds of the offense(s) are subject to forfeiture and cannot be used for any purpose, to include attorney's fees and living expenses.

18. **Breach of the Plea Agreement and Remedies**

This Plea Agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this Plea Agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state, or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a. The United States will be released from its obligations under this agreement. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement.

    b. The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense.

    c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the Statement of Facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines, or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of this Plea Agreement by a preponderance of the evidence.

**19.    Nature of the Agreement and Modifications**

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this Plea Agreement or any associated documents filed with the Court, to cause the defendant to plead guilty. Any modification of this Plea Agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

                                      Raj Parekh
                                      United States Attorney

By: _____
                                      Joseph L. Kosky
                                      Assistant United States Attorney

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal Information. Further, I fully understand all rights with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 4/29/2021

LORI ANN TALENS

Defense Counsel's Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Information. Further, I have reviewed 18 U.S.C. § 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 4/29/2021

Larry Woodward
Counsel for the Defendant

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your Special Assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIM. ACTION NO.: | 2:21-cr-39 |
| DEFENDANT'S NAME: | LORI ANN TALENS |
| PAY THIS AMOUNT: | $300.00 |

INSTRUCTIONS:

1. **MAKE CHECK OR MONEY ORDER PAYABLE TO:**

    CLERK, U.S. DISTRICT COURT

2. **PAYMENT MUST REACH THE CLERK'S OFFICE BEFORE YOUR SENTENCING DATE.**

3. **PAYMENT SHOULD BE SENT TO:**

| | In-Person (9 AM to 4 PM) | By Mail: |
|---|---|---|
| **Alexandria Cases:** | | Clerk, U.S. District Court<br>401 Courthouse Square<br>Alexandria, VA 22314 |
| **Richmond Cases:** | | Clerk, U.S. District Court<br>701 East Broad Street, Suite 3000<br>Richmond, VA 23219 |
| **Newport News Cases:** | | Clerk, U.S. District Court<br>2400 West Ave., Suite 100<br>Newport News, VA 23607 |
| **Norfolk Cases:** | | Clerk, U.S. District Court<br>600 Granby Street<br>Norfolk, VA 23510 |

4. **INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER.**

5. **ENCLOSE THIS COUPON TO ENSURE PROPER AND PROMPT APPLICATION OF PAYMENT.**

Attachment A

| VICTIM | TOTAL LOSS |
|---|---:|
| 3M | $ 416.00 |
| Abbott Nutrition | $ 6,013.79 |
| ACCO BRANDS USA LLC | $ 414.00 |
| Alcon Laboratories | $ 507,552.00 |
| Almond Breeze | $ 12,220.78 |
| Alpo | $ 80.00 |
| Avery | $ - |
| BARILLA AMERICA | $ 2,305.73 |
| BAYER HEALTHCARE LLC | $ 184,023.00 |
| BEIERSDORF, INC. | $ 160,513.03 |
| Beyond Meat | $ 5.00 |
| BIC USA INC. | $ 70,185.00 |
| Blue Diamond | $ 150.00 |
| Boardwalk Frozen Treats | $ 108.00 |
| BOB EVANS & CRYSTAL FARMS | $ 62.86 |
| BOOTS RETAIL USA, INC. | $ 325.00 |
| Bubba Burger | $ 502,907.98 |
| Bumble Bee | $ 320.00 |
| BUTTERBALL LLC | $ 385.00 |
| Campbell Soup Company | $ 155,941.00 |
| Challenge | $ 2,070.00 |
| CHATTEM, INC. | $ 5,855.00 |
| CHICKEN OF THE SEA INTNTL. | $ 52,217.21 |
| Church & Dwight | $ 1,586,953.75 |
| CLOROX SERVICES COMPANY | $ 1,027,949.76 |
| Coca-Cola | $ 544,940.41 |
| COLGATE-PALMOLIVE COMPANY | $ 344,144.33 |
| COMBE, INC. | $ 224.00 |
| CONAGRA FOODS RDM, INC. | $ 107,218.22 |
| CRAYOLA LLC | $ 452,040.22 |
| Dannon | $ 8,599.05 |
| Deans | $ 7,465.42 |
| DEL MONTE FOODS, INC. | $ 5,115.15 |
| Diageo America | $ 5,194.80 |
| Dole | $ 267.00 |
| DOMINO FOODS, INC. | $ 69,595.22 |
| Dr Pepper Snapple Group | $ 149,403.78 |
| Duracell | $ 94.50 |
| Duraflame | $ 7,875.75 |
| Edgewell | $ 123,986.56 |
| EGGLAND'S BEST LLC. | $ 191,687.79 |
| Elmers | $ 202.00 |
| Energizer | $ 43,284.72 |
| ENVIROCON TECHNOLOGIES, INC. | $ 137.00 |
| Essentia Waters | $ 1,195.00 |

Attachment A

| | | |
|---|---|---:|
| Ferrero USA | $ | 170,748.87 |
| Fiji | $ | 24,315.12 |
| FRESH MARK, INC. | $ | 40.00 |
| Frito-Lay | $ | 786,346.97 |
| GENERAL MILLS, INC. | $ | 158,908.15 |
| GEORGIA-PACIFIC CONSUMER PRODUCTSLP | $ | 337,421.71 |
| GLAXOSMITHKLINE CONSUMER HEALTHCARE | $ | 9,597.00 |
| HARVEST HILL BEVERAGE COMPANY | $ | 1,542.00 |
| Hasbro | $ | 39,149.79 |
| Heineken | $ | 210.00 |
| Henkel Corporation | $ | 1,754,062.57 |
| Hersheys | $ | 323,261.34 |
| HORMEL FOODS CORPORATION | $ | 295,323.17 |
| Hostess Brands | $ | 3,985.00 |
| Huhtamaki | $ | 541.00 |
| IRVING CONSUMER PRODUCTS, INC. | $ | 225.00 |
| J & J SNACK FOOD CORP. | $ | 84,166.67 |
| JOHNSON AND JOHNSON CONSUMER INC. | $ | 573,078.67 |
| Johnsonville | $ | 70,511.31 |
| JUST BORN | $ | 366.00 |
| KAO USA INC. | $ | 8,078.01 |
| KELLOGG COMPANY | $ | 112,685.37 |
| Keurig Dr Pepper | $ | 86,849.36 |
| KIMBERLY-CLARK CORPORATION | $ | 8,999,717.02 |
| KING'S HAWAIIAN | $ | 36,681.73 |
| L. PERRIGO COMPANY | $ | 216.00 |
| Land O Lakes | $ | 35,609.20 |
| Lindt | $ | 73,528.00 |
| L'OREAL USA, INC. | $ | 12,340.08 |
| MARKWINS INTERNATIONAL CORPORATION | $ | 4,460.00 |
| MCKEE FOODS CORP. | $ | 183,150.00 |
| Method | $ | - |
| MONDELEZ GLOBAL LLC | $ | 27,327.50 |
| Monopoly | $ | 274.91 |
| Monster | $ | 42,047.50 |
| Nestle | $ | 182,340.56 |
| Newell Brands | $ | 75.00 |
| NEWELL BRANDS, INC. | $ | 5.00 |
| OBERTO SAUSAGE COMPANY | $ | 94,602.67 |
| OCEAN SPRAY CRANBERRIES INC | $ | 1,236.00 |
| On-Cor Frozen Foods | $ | 112.00 |
| ORNUA FOOD NORTH AMERICA INC. | $ | 210.00 |
| Paper Mate | $ | 144.00 |
| Pepsi-Cola Company | $ | 238,492.87 |
| PERDUE FOODS LLC | $ | 227,641.80 |
| PETIQ, LLC. | $ | 90,774.00 |
| Philip Morris | $ | 4,815.00 |

Attachment A

| | | |
|---|---|---:|
| Pilot | $ | 20.00 |
| Pom Wonderful | $ | - |
| POST CONSUMER BRANDS, LLC | $ | 2,135.98 |
| Powerade | $ | 182.00 |
| PRAIRIE FARMS DAIRY, INC. | $ | 47,237.73 |
| PRESTIGE CONSUMER HEALTHCARE INC. | $ | 3,679.95 |
| Procter & Gamble | $ | 2,862,514.22 |
| Purina | $ | 1,130.96 |
| Quaker | $ | 257,759.66 |
| Ragu | $ | 1,057.00 |
| Reckitt Benkiser | $ | 139,541.94 |
| Reynolds | $ | 571,815.68 |
| RIVIANA FOODS, INC. | $ | 22,163.01 |
| Rubbermaid | $ | 780.00 |
| Sabra | $ | 25,699.85 |
| SAPUTO CHEESE USA INC. | $ | 83,616.00 |
| SARA LEE FROZEN BAKERY, LLC | $ | 71.91 |
| SC Johnson | $ | 79,452.50 |
| Schwans | $ | 5.00 |
| Schwan's Company | $ | 71,420.44 |
| Scrubbing Bubbles | $ | 26,596.00 |
| SEABOARD FOODS, LLC | $ | 525.00 |
| Sharpie | $ | 116.00 |
| Skintimate | $ | 7.50 |
| Smart Water | $ | 107,091.70 |
| Smithfield | $ | 409,601.62 |
| Solo | $ | 23,845.82 |
| TATA GLOBAL BEVERAGES US | $ | 28,024.62 |
| THE BLUE BUFFALO COMPANY | $ | 120,555.56 |
| THE FRESHPET CO./PROFESSOR CONNORS | $ | 669.66 |
| THE KRAFT HEINZ COMPANY | $ | 256,110.70 |
| Turkey Hill | $ | 52.00 |
| TYSON SHARED SERVICES, INC. | $ | 798,756.70 |
| UNILEVER | $ | 2,578,981.76 |
| V8 | $ | 32,707.43 |
| Vitafusion | $ | 70.00 |
| WHITE CASTLE FOOD PRODUCTS, LLC | $ | 277,832.00 |
| Windex | $ | 76.00 |
| Wonderful Pistachios | $ | 131,614.69 |
| Ziploc | $ | 1,415,619.73 |
| **TOTAL** | $ | 31,817,997.05 |