IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA

v.                                                      CRIMINAL NO.: 2:21cr39

LORI ANN TALENS

        Defendant.

**POSITION OF THE DEFENDANT, LORI ANN TALENS,
WITH RESPECT TO SENTENCING FACTORS**

COMES NOW the defendant, Lori Ann Talens, by counsel, and states as follows for her position on sentencing:

The Defendant and counsel have reviewed and discussed the pre-sentence report. There is no minimum mandatory sentences in this case and the Defendant agrees that the proper advisory guideline range is 188-235 months. For the reasons set forth below, the defense contends that a variant sentence that is substantially below the guidelines is appropriate.

    A.    The Defendant's Background

The Defendant's history and background is set forth in summary fashion in paragraphs 49-87 of the pre-sentence report. The Defendant will supplement this information in a letter to the Court. Ms. Talens has been the victim of a very tumultuous and at times, violent and abusive marriage. There is no way to fully and accurately assess the emotional and mental toll this type of relationship has had on her but the stress and anxiety of being in such a relationship cannot be overstated. This

is not an excuse for her conduct in this case but is certainly a matter the Court should consider in fashioning a sentence.

The Court should also consider the fact that Ms. Talens is highly intelligent and has great potential to be a positive influence on her children and the community if she channels and uses her intelligence and skills in a productive way.

The impact of a lengthy sentence on Ms. Talens' young children will be devastating to them both in the immediate future and long term. It is probably impossible to understand and calculate with any certainty the impact that having both their parents incarcerated will have on the children. There is a point at which punishment via incarceration serves no legitimate rehabilitative purpose and becomes destructive to any real opportunity for a person to re-enter society with a reasonable opportunity to become a productive citizen.

Finally, the Court should consider that the Defendant immediately and fully accepted responsibility when she was arrested. She pled guilty to a criminal information and saved the prosecution and the Court a lot of time and resources. In addition, she has provided extremely valuable information to the investigative authorities about the rather murky world of counterfeit couponing. She has not just answered questions but has met for hours and hours on multiple occasions with investigators explaining and detailing the methods and people involved in couponing schemes across the country. Her cooperation is on-going up to and after her sentencing. Counsel is fully aware that the United States has the option to file a motion under Rule 35 to request a reduced sentence and fully expects that will happen. That being said, there is nothing that prevents the Court

from taking into account a defendant's willingness to cooperate and the nature and extent of that cooperation at all stages of the sentencing process including the initial disposition.

Lastly, the Court should take into account the need to avoid unwarranted sentencing disparities. Based on counsel's research, the advisory guideline range in this case is one of the highest, if not the highest, in any prosecution for a prosecution involving fake coupons.

The defense will present additional arguments at the sentence hearing and contends that a sentence below the guidelines will be sufficient but not greater than necessary un the 18 U.S.C. § 3553.

                      Respectfully submitted,

                      LORI ANN TALENS

                      _____/ s /_____
                      Lawrence H. Woodward, Jr., Esquire
                      Virginia State Bar #21756
                      Attorney for the Defendant
                         Lori Ann Talens
                      Ruloff, Swain, Haddad, Morecock,
                        Talbert, & Woodward, P.C.
                      317 30th Street
                      Virginia Beach, Virginia  23451
                      Telephone Number:  (757) 671-6000
                      Facsimile Number:   (757) 671-6004
                      Email address: lwoodward@srgslaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

> Joseph L. Kosky, Esquire
> Assistant United States Attorney
> Attorney for the United States
> 8000 World Trade Center
> 101 West Main Street
> Norfolk, VA 23510
> Phone: 757/441-6331
> Fax: 757/441-6689
> Email Address: brian.samuels@usdoj.org

And, I hereby certify that I have emailed the documents to the following non-filing user:

> Tara R. Gill, Probation Officer
> United States Probation
> 827 Diligence Drive, Suite 210
> Newport News, VA 23606
> Phone: 757.223.4663
> Email: Tara_Gill@vaep.uscourts.gov

> _____/ s /_____
> Lawrence H. Woodward, Jr. Esquire
> Virginia State Bar #21756
> Attorney for the Defendant,
>   Lori Ann Talens
> Ruloff, Swain, Haddad, Morecock,
>   Talbert, & Woodward, P.C.
> 317 30th Street
> Virginia Beach, Virginia 23451
> Telephone Number: (757) 671-6000
> Facsimile Number: (757) 671-6004
> Email address: lwoodward@srgslaw.com