IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. 2:21CR39 (RCY) |
| | ) | Civil Action No. 2:23CV620 (RCY) |
| LORI ANN TALENS, | ) | |
| | ) | |
| Petitioner. | ) | |

## MEMORANDUM OPINION

Petitioner Lori Ann Talens, a federal prisoner proceeding *pro se*, filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 ("Petition"), ECF No. 84. The government has filed a Motion to Dismiss. The Court finds that the materials before it adequately present the facts and legal contentions, and that a hearing would not aid the decisional process. For the reasons set forth below, Talens's § 2255 Petition will be DISMISSED. Specifically, Grounds One, Two, and Three will be DISMISSED AS UNTIMELY, and Ground Four will be DISMISSED on the basis that such claim is not cognizable in a § 2255 petition.

## I. RELEVANT BACKGROUND AND PROCEDURAL HISTORY

On April 29, 2021, Talens waived indictment and pleaded guilty, pursuant to a written Plea Agreement and Statement of Facts, to one count of Mail Fraud in violation of 18 U.S.C. § 1341; one count of Wire Fraud in violation of 18 U.S.C. § 1343; and one Count of Health Care Fraud in violation of 18 U.S.C. § 1347. *See* Waiver Indictment, ECF No. 17; Plea Agreement, ECF No. 18; Statement of Facts ("SOF"), ECF No. 19. On September 14, 2021, the Court sentenced Talens to 144 months imprisonment on the Mail Fraud count; 144 months imprisonment on the Wire Fraud count; and 120 months imprisonment on the Health Care Fraud count, to be served concurrently. J. at 2, ECF No. 50. The Court entered a Consent Order of Forfeiture, which, among other things, imposed a forfeiture money judgment against Talens in the amount of

$31,864,089.94.  *Id.* at 5; *see* Consent Order Forfeiture, ECF No. 49.  The Court also ordered

Talens to pay an equal sum in restitution.  *See* J. at 5; Restitution Order, ECF No. 48.  Talens did

not appeal.

On February 14, 2023, the government, as part of its ongoing effort to collect Talens's

outstanding restitution obligation, filed an *ex parte* motion seeking a restraining order enjoining

Talens, or any other person, from disposing of, moving, or hiding any asset in which Talens held

an interest.  *Ex Parte* Mot. Restraining Order, ECF No. 74.  The Court granted this motion on

February 23, 2023.  Restraining Order, ECF No. 76.

On November 28, 2023, Talens filed her § 2255 Petition.  *See* Pet. at 12, ECF No. 84.  On

May 29, 2025, the Court ordered the government to file a response.  Order at 1, ECF No. 126.  The

Court also advised Talens that she had the right to file a reply opposing any response filed by the

government and warned her of the consequences of failing to do so.  *See id.* at 1–2 (citing *Roseboro*

*v. Garrison*, 528 F.2d 309 (4th Cir. 1975)).  Thereafter, the government filed a Motion to Dismiss.

Mot. Dismiss, ECF No. 128.  In the Motion to Dismiss, the government again advised Talens of

her right to file an opposition and the consequences of failing to do so.  *Id.* at 5–6.  Talens did not

respond to the government's motion.

## II. STANDARD OF REVIEW

A federal prisoner may collaterally attack her sentence or conviction by moving the district

court "to vacate, set aside or correct the sentence."  28 U.S.C. § 2255(a).  To obtain such relief, a

petitioner must prove by a preponderance of the evidence (1) that her sentence or conviction was

"imposed in violation of the Constitution or laws of the United States," (2) that the district court

"was without jurisdiction to impose such sentence," (3) that the sentence exceeds "the maximum

authorized by law," or (4) that the sentence or conviction is "otherwise subject to collateral attack."

*Id.*; *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). A petitioner must prove the asserted grounds for relief by a preponderance of the evidence. *Miller*, 261 F.2d at 547.

Importantly, § 2255 establishes a one-year limitations period, which begins to run on the latest of the following four dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). "In most cases, the limitations period expires one year after the criminal judgment becomes final" through the application of subsection (f)(1). *Pettaway v. United States*, No. 4:06-cr-98, 2018 WL 1629112, at *2 (E.D. Va. Apr. 4, 2018).

### III. DISCUSSION

Talens raises four grounds for relief in her Petition. Talens's Petition is not a model of clarity, but it appears that Grounds One and Two relate to the calculation of Talens's sentencing range, while Ground Three relates to loss calculation and the amount of restitution imposed. *See* Pet. at 4–5, 7. Ground Four appears to relate to the post-judgment Restraining Order entered by the Court on February 23, 2023. *See id.* at 8. The government argues that Talens's § 2255 Petition must be dismissed because it is untimely. Mot. Dismiss at 2–4. With respect to Grounds One, Two, and Three, the Court agrees.

The Court's Judgment was entered on September 15, 2021. *See* J., ECF No. 50. Talens could have noted an appeal of her conviction or sentence within 14 days; however, she did not do

3

so. *See* Fed. R. App. P. 4(b)(i)(A). Thus, Talens's Judgment became final on September 29, 2021, and Talens had one year from that date to file her § 2255 Petition. *See United States v. Diallo*, 581 F. App'x 226, 227 (4th Cir. 2014) (holding that petitioner's "federal convictions became final . . . upon the expiration of the fourteen-day period for filing a direct appeal" (citing *Clay v. United States,* 537 U.S. 522, 525 (2003))).

Talens did not file her § 2255 Petition until November 28, 2023, well after the expiration of the one-year deadline set forth in § 2255(f)(1). *See* Pet. at 12. Accordingly, unless Talens can establish that there is a basis for belated commencement of the limitations period under § 2255(f)(2)–(4), or that she is entitled to tolling of the one-year limitations period, her § 2255 Petition must be dismissed as untimely as to Grounds One, Two, and Three. *See United States v. Mashore*, No. 3:06-cr-229, 2018 WL 5116492, at *2 (E.D. Va. Oct. 19, 2018). As noted above, Talens did not respond to the government's dismissal motion. Talens did, however, include in her Petition, and in a Letter attached thereto, a request for an "extension." *See* Pet. at 11; *see also* Letter, ECF No. 84-1 at 1–2. Liberally construing her filings, Talens appears to request an extension of the filing deadline on the basis of "new laws" and because her former attorney had been "uncommunicative" and "unresponsive." Pet. at 11; *see* Letter at 1. Talens also asserts that she did not have access to her "discoveries" or "evidence portfolio." Letter at 1. The Court finds Talens's arguments unavailing.

As an initial matter, nothing in Talens's filings plausibly suggests any circumstances that would warrant belated commencement of the limitations period under the provisions of § 2255(f)(2)–(4). That is, Talens does not suggest that any impediment on the part of the government prevented Talens from filing her Petition, nor is there any indication in Talens's filings that her claims relating to Grounds One, Two, or Three, as set forth in her Petition, are based on any facts that were previously unavailable to Talens. *See* § 2255(f)(2)–(4); Pet. at 1–11; Letter

4

at 1–2.  Talens does refer to "new laws" in her request for an extension, but she fails to explain in any meaningful fashion what those "new laws" are, or why they apply to her claims.  *See* Letter at 1–2; *see also* Pet. at 4 (referencing "Banks vs United States #19-3812 & 20-2235"); Pet. at 7 (referencing "Limbaugh vs United States").

It appears that Talens is referring to *United States v. Limbaugh*, No. 21-4449, 2023 WL 119577 (4th Cir. Jan. 6, 2023), an unpublished decision from the Fourth Circuit Court of Appeals, and *United States v. Banks*, 55 F.4th 246 (3d Cir. 2022), an opinion from the Third Circuit.  Notably, however, neither *Limbaugh* nor *Banks* are decisions from the United States Supreme Court that recognize a new right that was made retroactively applicable to Talens's case.  Thus, the "new laws" to which Talens appears to refer would not permit her to proceed under the belated commencement provision of § 2255(f)(3), nor do they provide any other basis to extend the filing deadline in this case.[1]  *See, e.g.*, *Mashore*, 2018 WL 5116492, at *2.

Further, to the extent that Talens seeks equitable tolling, such claim also fails.  "Equitable tolling of petitions for collateral review is available only when a defendant demonstrates '(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing.'"  *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).  A petitioner asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate that she fulfills both elements of the test.  *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).  To make the requisite showing of diligence,

---

[1] Although Talens appears to reference other cases in her Letter, the Court was unable to locate any of these cases with the information provided therein.  *See* Letter at 2, Pet. Ex. 1 at 1–2, ECF No. 84-1.  In any event, Talens seemingly refers to these cases to support her claim that the amount of her restitution should be reduced.  *See id.*; *see also* Pet. at 7.  As noted herein, however, such claims are not cognizable in a § 2255 petition.  *See United States v. Mayhew*, 995 F.3d 171, 183 (4th Cir. 2021) (explaining that "§ 2255 provides no avenue to challenge a restitution order").  Thus, even if the Court could locate any of these cases, they would provide no basis to permit Talens to proceed with any such claim in this action.

the petitioner "must allege *with specificity* the steps [she] took to diligently pursue [her] federal claims." *Id.* at 929–30 (emphasis added). Furthermore, "equitable tolling is appropriate in those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" *Whiteside*, 775 F.3d at 184 (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)). The Fourth Circuit has cautioned that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

Here, Talens broadly claims that her former attorney was unresponsive to Talens and to Talens's family members' attempts to contact him. *See* Pet. at 11 (Talens claiming that her former attorney was "uncommunicative" and "unresponsive" to Talens's attempts to communicate); Letter at 1 (same). Talens also claims that she did not have access to her "discoveries" and "evidence portfolio" in order "to provide specific statements" needed to file her Petition. Letter at 1.

Nowhere in Talens's filings does she claim that she had been diligently working to file her § 2255 Petition. *See* Pet. at 1–11, Letter at 1–2. Moreover, Talen's bare assertions lack the requisite specificity to explain why her former attorney's failure to communicate with her, or her lack of access to certain case-related materials, prevented her from timely filing her Petition. *E.g.*, *United States v. Butler*, 178 F. App'x 327, 327 (4th Cir. 2006) (noting that petitioners can "rely on [their] own recollection in preparing a collateral attack on [their] conviction and sentence" (citing *United States v. Shoaf*, 341 F.2d 832, 835 (4th Cir. 1964))). As such, Talens falls well short of proffering "specific facts" demonstrating that she is entitled to the extraordinary relief of equitable tolling. *See United States v. Carter*, No. 3:22-cr-176, 2025 WL 2772753, at *2 (E.D. Va. Sept. 29, 2025) (rejecting petitioner's claim of equitable tolling because petitioner "fail[ed] to

6

adequately explain why lack of access to legal materials hindered his ability to bring his . . . claim sooner"). As this Court has previously held, even things such as "[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances," rather, they are ordinary incidents of prison life. *Allen v. Johnson*, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009) (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)); *see also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." (quoting *Cross-Bey v. Gammon,* 322 F.3d 1012, 1015 (8th Cir. 2003))); *Floyd v. United States*, No. 1:23-cv-31, 2023 WL 4552756, at *4 (W.D.N.C. July 14, 2023) (holding that petitioner's "claims of legal ignorance, . . . lack of legal materials, and . . . lack of counsel [did] not warrant equitable tolling").

In short, Talens has failed to establish that some external factor beyond her control, rather than her own lack of diligence, prevented her from timely filing her § 2255 Petition.[2] *See Carter*, 2025 WL 2772753 at *3. Accordingly, the Court finds that Talens's § 2255 Petition must be DISMISSED as untimely as to Grounds One, Two, and Three.

With respect to Ground Four, Talens appears to request that the Court modify the terms of the post-judgment Restraining Order entered on February 23, 2023, "to align with" the previously imposed Restitution Order. *See* Pet. at 8; Restraining Order, ECF No. 76. Claims relating to restitution and forfeiture, however, are not cognizable in a § 2255 petition. *See United States v. Mayhew*, 995 F.3d 171, 183 (4th Cir. 2021) (holding that "by its plain terms[,] § 2255 provides no

---

[2] The government also argues that Talens has not made a showing of actual innocence that would excuse her procedural default. *See* Mot. Dismiss at 3–4, ECF No. 128 (citing *McQuiggin v. Perkins*, 569 U.S. 383 (2013)). Talens does not assert in her § 2255 Petition that she is actually innocent of any of the crimes to which she pleaded guilty. *See* Pet. at 4–8, ECF No. 84. Instead, Talens only takes issue with the sentences imposed upon her. As such, it appears that the actual innocence exception to § 2255(f) has no application here. *See United States v. Jones*, 758 F.3d 579, 584 (4th Cir. 2014).

avenue to challenge a restitution order"); *United States v. Smith*, No. 1:10-cr-438, 2012 WL 2878248, at \*5 (E.D. Va. July 11, 2012) (explaining that 'a federal prisoner cannot challenge the restitution portion of [her] sentence using 28 U.S.C. § 2255, because this statute affords relief only to prisoners claiming a right to be released from custody" (quoting *United States v. Bernard,* 351 F.3d 360, 361 (8th Cir. 2003))); *see also United States v. Corcho*, 60 F. App'x 479, 480 (4th Cir. 2003) ("[I]t is well settled that § 2255 relief may not be granted when the litigant challenges only a fine or restitution order."); *McCrea v. United States*, No. 7:11-cr-89, 2014 WL 12519717, at \*5 n.10 (W.D. Va. June 13, 2014) (collecting cases and noting that "numerous courts have held that claims regarding a petitioner's fine or forfeiture are not cognizable under § 2255 because such claims are unrelated to custody or confinement").  The Restraining Order relates solely to Talens's restitution and forfeiture obligations; it has no relation to her custody or confinement. Accordingly, Ground Four of Talens's Petition must be DISMISSED on this basis.

### IV. CONCLUSION

For the reasons set forth above, the government's Motion to Dismiss will be GRANTED as to Grounds One, Two, and Three, and those claims will be DISMISSED AS UNTIMELY; Ground Four will be DISMISSED on the basis that such claim is not cognizable in a § 2255 petition.  Accordingly, Talens's § 2255 Petition will be DISMISSED in its entirety.  A certificate of appealability will be DENIED.[3]

An appropriate Final Order shall issue.

Date: <u>April 21, 2026</u>
Richmond, Virginia

/s/
Roderick C. Young
United States District Judge

---

[3] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(B).  A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) . This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  Talens has not satisfied this standard.